JULIUS GOTTBERG, as. Executor, etc., Appellant, *v.* THE UNITED STATES NATIONAL BANK, Respondent.

*Court of Appeals, February* 12, 1892.

*Executors, etc. Assets.*—To charge a purchaser or pledgee, from an executor, of the personal assets of the estate, the facts need not be such as of themselves to establish or compel the conclusion of some wrong purpose. If they furnish reasonable ground for believing in the existence of some dishonest intention to misapply the moneys, or that the executor is in the very transaction applying it to his own private use, the purchaser or pledgee becomes responsible to those injured.

Appeal from judgment of the supreme court, general term, first department, affirming judgment in favor of plaintiff.

*R. E. Robinson,* for appellant.

*Adrian H. Joline,* for respondent.

PER CURIAM.—The very careful consideration which this case received at the hands of the learned justices in the courts below renders it unnecessary that we should further discuss its questions. The general term opinion practically adopted the opinion of the trial justice, except in the respect that they do not concur in a statement of the rule that to charge a purchaser or pledgee from an executor, he must have had direct evidence that the money was not paid or advanced to the executor for a purpose connected with his administration of the assets, but for a different purpose.

The general term rest the rule of liability upon the foundation of such notice as would put a party of ordinary prudence on inquiry, and do not limit it to a notice from facts which disclose as a necessary conclusion a guilty or fraudulent purpose. If the learned trial justice intended to

narrow the rule, as the general term understood him to do, which seems from a reading of his whole opinion to be somewhat doubtful, then we agree in the correctness of their broader statement of the rule. The apparent facts of the transaction must be such as to put the intending purchaser or lender upon such inquiry as would suggest itself to an ordinarily prudent person. That is, the facts need not be such as of themselves to establish or compel the conclusion of some wrong purpose; but if they furnish reasonable ground for believing in the existence of some dishonest intention to misapply the moneys; or that the borrower is in the very transaction applying it to his own private use, then the party dealing with the executor becomes responsible to those who are injured. That seems to be the rule deducible from the cases which have been carefully collected and reviewed in the opinion below.

The judgment is affirmed, with costs.

All concur, except MAYNARD, J., taking no part.

---

NOTE.

See also, Moore *v.* Am. L. & T. Co., 115 N. Y. 65; Clarke *v.* Coe, 52 Hun, 379; Gottberg *v.* U. S. Nat. Bk. 26 Abb. N. C. 50; Leitch *v.* Wells, 48 N. Y. 585; Kenyon *v.* Olney, 61 Hun, 618; Wetmore *v.* Porter, 92 N. Y. 76.